## ROCK v. KREIG ET AL.

**Husband and Wife: MORTGAGE: HOMESTEAD.**   The mortgage of a
homestead, executed by both husband and wife to secure a note given
by the husband alone, for a part of the purchase price of the homestead,
would not render her the owner of the property, when it did not appear
that she had authorized him to purchase it for her, or that he did so
purchase it.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 23.

THIS is a suit in equity, brought by the plaintiff to restrain,
by injunction, the sale on execution of a certain house claimed

by her as her own individual property, and which, it is alleged, the defendants are about to sell on a judgment against Henry Rock, the husband of the plaintiff. The District Court rendered a decree for the plaintiff, from which defendants appeal.

*Stutsman & Trulock*, for appellants.

No appearance for appellee.

MILLER, CH. J.—The property in controversy is a small frame house situated in the city of Burlington, Iowa, upon ground leased of one Peasley for a ground rent of fifty dollars per year, the house to be removed from the ground at the termination of the lease.

In our opinion the decree of the District Court must be reversed. The evidence shows that Henry Rock, the husband of plaintiff, in August, 1871, leased the ground on which the house in question is situated, from J. C. Peasley, the owner thereof·taking the lease in his own name, and also in his own name purchased the house from one McLean. There is no evidence to show that he was authorized by his wife, the plaintiff, to obtain the lease and make the purchase for her. When he·made the purchase of the house he borrowed $300 of the money from one Hall, executing his own promissory note therefor with two other persons as sureties thereon. The plaintiff and her husband, further to secure the sum thus borrowed, executed a mortgage upon their homestead, the title to which was in plaintiff. Henry Rock borrowed from other parties about $90. All of these borrowed sums were put into the house, either as payment therefor, or to furnish it as a saloon, into which the plaintiff and her husband moved, and have lived and kept a saloon, until a short time before the· levy the husband left.

The principal fact upon which the plaintiff bases her claim to the ownership of the house is, that she mortgaged her homestead as security for the money borrowed by her husband to pay for the saloon. This fact is insufficient to vest the title to the house in her, or to constitute her the equitable owner. It was competent for the wife to mortgage her home-

stead for the payment of the note made by her husband, and she would be bound thereby to the extent of the mortgaged property. *Wolf v. Van Meter*, 23 Iowa, 397; *Reed v. King*, Id., 500. But by so doing she would not become the owner of the property purchased with the money borrowed, and the repayment of which the mortgage is made to secure.

There is no evidence that the plaintiff ever claimed that she had authorized her husband to purchase the property for her, and it does not appear that he did so purchase it. The whole transaction was conducted by him in his own name, as and for his own use, and not for the plaintiff.

REVERSED.